UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE ALLEN,<br>　　　　Plaintiff,<br>　　v.<br>JOHNNIE A. REYES, et al.,<br>　　　　Defendants. | Case No. 5:18-cv-06996-EJD<br><br>**ORDER REMANDING CASE** |

## I. INTRODUCTION

Defendants Johnnie A. Reyes and Delphine Shanley ("Defendants") removed the instant unlawful detainer action originally filed in Santa Clara County Superior Court by Plaintiff Wayne Allen ("Plaintiff"). Dkt. No. 1. According to the state court complaint, Plaintiff owns property in San Jose, California, and leased the property to Defendants on a month-to-month basis on or about January 14, 2002. On August 22, 2018, Plaintiff gave Defendants a 60-day notice ending the lease and requiring them to vacate. Sixty days has since passed, and Defendants remain on the property. Plaintiff seeks possession of his property, damages at the rate of $78.33 per day from October 23, 2018, and attorneys' fees. Total damages sought are under $10,000.

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded to the state court from which it originated.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from

Case No.: 5:18-cv-06996-EJD
ORDER REMANDING CASE

1

the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant"). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a) and (b).

It falls upon the removing defendant to show the basis for federal jurisdiction. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir.1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

Here, the Notice of Removal reveals that Defendants removed this action on the basis of federal question jurisdiction. When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. *Libhart*, 592 F.2d at 1065.

Here, the original complaint asserts only one cause of action for unlawful detainer, which does not arise under federal law and cannot support federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11–00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1 (N.D.

Case No.: 5:18-cv-06996-EJD
ORDER REMANDING CASE

2

Cal. Apr. 15, 2011); *GMAC Mortg., LLC v. Rosario*, No. C 11–1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2 (C.D. Cal. Nov. 22, 2010). Consequently, a federal question does not appear from the face of the complaint.

Although Defendants do not assert diversity jurisdiction as a basis for removal, the court notes that the allegations in the complaint fail to establish diversity jurisdiction.

### III.  ORDER

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Clerk shall remand the case to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: November 27, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-06996-EJD
ORDER REMANDING CASE

3